Good morning, Your Honor. Martin Blanc, Guilty Bar Gallagher, Court Archive, I am. Your Honor, Mr. Aiyer was convicted of a crime and sentenced to prison for conduct that was not a per se violation of the antitrust laws and should not have been the subject of criminal prosecution. Indeed, given the complexity and ambiguity of the topic, no reasonable person could have been expected to recognize it as a crime. Mr. Klotz, let me ask you a procedural question regarding that. I didn't see that you're challenging the District Court's Rule 29 decision. The Court wrote a 60-page opinion explaining why the evidence was sufficient to establish a per se violation, so I'm curious about that. Sure. I can turn to that right away. He wrote a very extensive opinion analyzing the evidence, but he states right up front, and this is the key mistake that I think the Court made in that opinion. He states right up front, the defendant asks me to rule whether the per se or rule of reason rule applies based on an evaluation of their proctored evidence of lack of anti-competitive effects and presence of pro-competitive benefits. This argument is mistaken. It's mistaken. It's something like that. In a per se case, this effects evidence is not relevant, and I don't have to consider it. But isn't that right? Doesn't the government charge a per se violation, and so the question is whether the government proved the violation or not, right? Here is the relevant distinction. In a true per se case, it is, the effects evidence is inadmissible to the jury, the fact bomb, but the initial decision of whether to apply the per se rule or the rule of reason for the judge, but there was no issue here of applying the rule of reason. The government charged it only as a per se case, so at the Rule 29 stage, if there was not sufficient evidence for the jury to rationally conclude that there was a per se violation, the case would have been dismissed. It wouldn't have been switching to the rule of reason. The government didn't charge rule of reason. They charged it as a price-fixing, bid-rigging per se case. There is a preliminary decision that the court has to make that courts make all the time in civil cases, and it should have been made here, and the case that I think… We don't do that. But the way it works in a civil case, you're saying you would just get summary judgment on the question, right? If somebody had a per se claim or they had a – and it couldn't plausibly be considered a per se claim, then somebody could get summary judgment, but that's the way it would work. It often comes up in the summary judgment context, but I don't think it's a summary judgment ruling. I think it's more in the nature of an evidentiary ruling. Has the defendant sufficiently put reasonableness in issue that you are being permitted to put on a full-fledged defense with respect to that? And if the defendant is – and that… But that would never happen in this criminal case because the government didn't charge it that way. They only charged it as a per se case. There was not going to be a preliminary ruling, okay, we're going to be on the rule of reason here. They say they only charge per se cases, but their say-so can't be dispositive of that. Well, the indictment charged a per se case. All right. The indictment finally charged a per se case. It charged a per se case. So why wasn't the government entitled to go to trial on that charge – on that indictment? They were entitled to go to trial on the charge, but we were entitled to a ruling that this is not governed by the per se rule. And that ruling should have been based on an examination of our evidence of pro-competitive benefits and lack of anti-competitive effects. In the Levin case, which I think is controlling here, what Levin says is that the per se rule should not be employed where the economic effect of the conduct at issue is not immediately obvious. That's a direct quote. Not where per se conduct is charged, but where the economic effect is not immediately obvious, no application of the per se rule. Levin goes on to say – So the government charges a per se violation, and the judge instructs the jury on what it takes to require that, what bid rigging is and what price fixing is and so on. Do you object to the jury instructions? Do you think the jury instructions didn't describe that violation? First of all, I did object to the jury instructions. Second of all, all the case law says it's not a jury issue. It is a legal issue of which you will be held accountable. Right, but then I guess that's my question. So if the jury is properly instructed on it and it describes what a per se violation would look like, if in fact no reasonable jury could say that this evidence amounts to a per se violation, then you'd be entitled to a directed verdict or a judgment notwithstanding the verdict, right? That's what the case law says. It also says that that's a decision for the judge to make. It's not a jury decision. But you moved to dismiss the indictment, right? Yes. So the judge denied that. Yes. And you're saying that that is the, what, fundamental error? I think that was the end error. I think in most cases this issue is not going to be resolvable on a motion to dismiss because the record is inadequate. In our case, we had not a full blown bill of particulars, but we had the government's identification of the trading episodes that they contended reflected the illegal conspiracies. And that allows to have an analysis of those trading episodes. So ours was maybe an unusual case. But clearly you were in a position to make this ruling. This happens if you were in a position to make this ruling. So what you think should have happened was the district court should have said, well, the government has charged a per se violation, but I think that the underlying conduct here is not clearly a per se violation and it should proceed under the rule of reason. And then he should order the charging documents to be modified and the case to proceed on a different basis? Essentially, yes. I mean, you realize that that's an unprecedented thing, right? I mean, has that ever happened before? So it happened before. You get motions to dismiss. Well, I understand. You're just talking about motions to dismiss, but you said that's not the right mechanism. The one case in which it happened is the air locator, H-E-I-R, case from the District of Utah, where the court there at the defendant's motion, not a summary judgment motion, not a motion to dismiss, but a motion prior to trial in the nature of a motion to eliminate, said, my conclusion is that this case ought to be governed by the rule of reason. In that case, the government said, we don't take rule of reason cases to trial, and therefore, we ask that you dismiss the indictment so we can take an appeal. What do you think was the main defect in the government's proof, assuming they had to prove a per se violation? There were multiple defects in that proof. First of all, they alleged that these were agreements among horizontal competitors to fix prices of did, get, break, and break digs. Our contention, which the judge never really seriously considered, was these are not horizontal agreements. These are vertical agreements. The participants at this level of the market in this business have horizontal relationships vis-a-vis customers and vertical relationships because half their life is spent buying and selling with each other. And our contention was these agreements related to the vertical relationships. They had pro-competitive benefits. And on top of everything, there's absolutely no evidence of any anti-competitive effect. And that brings me back to Ligon because the other thing that Ligon says, fleshing out this no-per-se rule of what's the prospect is obviously anti-competitive, is it says, departure from the rule of reason standard must be based on demonstrable economic effect rather than upon formalistic blindfold. What about the Copper's case? That case seems to contradict everything that you're saying. They're saying if the government is pursuing a per-se case, any competitive effects, pro-competitive effects are irrelevant. And the intent is simply to fix the prices or to bid rig and nothing more is required. What am I misunderstanding about our prior case? In Copper's defense, it did not argue that we have pro-competitive benefits or lack of any competitive effects. It made a purely formalistic argument that I don't care whether this is per-se or rule of reason. It ought to be a jury question whether the conduct was unreasonable. And Copper's report effectively said, no, that doesn't cut it. That doesn't cut it. Our argument here was we do have evidence of pro-competitive benefits. We do have evidence of lack of anti-competitive benefits. Why is your approach that the district court should have essentially ordered the government to proceed on a rule of reason theory, why is that better than if you could persuade the judge that this isn't a per-se violation, then it would require dismissal? Well, that is the next step of our argument. It's like the government chooses a per-se to charge a per-se violation. And if, in fact, it's right that this is not a per-se violation, then you'd be entitled to a dismissal. Yes. You had that opportunity, right? You moved to dismiss. You challenged the jury instructions. You moved for judgment notwithstanding the verdict. The district court considered those arguments. Yes, but not on the basis of the evidence that was required under the case law to look at. It never addressed our arguments about the lack of anti-competitive effects. It never addressed our arguments about pro-competitive benefits. But the court does, right? The court, in denying the motion to dismiss, says that the complaint plausibly alleges a per-se violation. So he does—I mean, I understand you might disagree with that, but he considers that, right? And then— He considers only the formal characteristics of the previous one. He never, at the motion to dismiss stage, motion in limine stage, Rule 29 stage, jury instruction stage, he never says the defendant's— Under your theory, under Rule 29 motion, he could overrule, even though there was enough evidence for—assuming there was enough evidence for a jury to rationally find price fixing or bid rigging, your view is the judge has an independent obligation to see whether he or she thinks there's enough and could overrule the jury's verdict because there's some gatekeeping, independent obligation for the judge to conclude that there was enough evidence to do that. My argument is not that, and it's a little more complicated. Here's what I think is the defect with the judge's theory, that I submitted this to the jury under an instruction of what price fixing and bid rigging is, and they had sufficient evidence to conclude that that occurred here. The instruction he gave, which comes straight out of the judge's statement, it's a routine definition that's given in antitrust cases, assumes that the court has already concluded that the conduct is per se, because unless you make that assumption, the instruction picks up the conduct that occurred in GMI, Chicago Board of Trade, fosferic acid, copy data systems, and it prevents the jury from finding conduct to be criminal when courts have held that it isn't even illegal. So did you make that argument to the district court? Did you say these jury instructions are overbroad unless we've already made a gatekeeping determination? Yes. That was our argument. You can give this instruction, but you've got to tell the jury it doesn't apply to rural trading or rural trading. That was our whole argument. If you were to submit this to the jury, but tell them, by the way, these two huge categories of trading don't count, that would be a way to proceed. But what you can't do is give this definition that picks up conduct that claiming is not a per se violation or even illegal. Yeah, but there's case law culminating in Coppers and going back to Ciccone Vacuum that says the crime is the agreement, right? Yes. Yes, the crime is the agreement. And you can certainly submit to the jury evidence that is not itself criminal, that is supposedly pursuant to the agreement. So you just think Judge Sand's instruction is wrong? You think the instruction is wrong? No, no, no. I think it's perfectly appropriate in a genuine per se case. But you think it's wrong under these circumstances? Yes. Yes. So why aren't we entailing an appeal where you're saying that the jury instructions were defective? Why is it about the exclusion of evidence? Oh, yeah, because we asked the judge to rule in the – to give a jury instruction that said the Rubel trading and the Reuters trading can't count as predicate conduct for the charge of criminal conspiracy. Why not? Pardon? Why not? For all of the reasons that we previously gave in the motion to dismiss motion in Lemony and at all different stages. Because the conduct is not a forest park, it does not reflect horizontal agreements to begin with. Because it has pro-competitive benefits. Because there's no evidence of any anti-competitive effect. I mean, case after case, including Ligon, adopted expressly by this court in Major League Baseball properties, says you can't proceed – you can't deviate from the rule of reason except on the basis of demonstrable economic effects. Demonstrable, not presumed. And here there was not only no evidence of negative economic effect. We were prepared to put in an expert testimony that said I've gone through every single one of the transactions on Reuters that the government put into evidence, and there's no price impact in any one of them. That was excluded because the judge said this is a third sector. Well, if in fact it was price-fixing or bid-rigging, you wouldn't need to show the economic effects, right? If you had made a preliminary determination, not if it was price-fixing or bid-rigging just under the definition that the judge gave to the juror, because that would pick up the conduct in copy data systems, for example. But if it's genuinely – When the district court denied the motion to dismiss, didn't the district court also say you could argue whatever you want at trial? So you could argue that this wasn't really bid-rigging and price-fixing? This was providing liquidity to the market? They were like horizontal competitors? I mean vertical, sorry. He allowed us to make that argument that the core determination of is the conduct governed by the per se rule or the rule of reason, all of the authorities say that is not a jury question. Okay, so he allowed you to make the argument to the jury, and your objection is just that he should have made that decision as to whether this was bid-rigging or price-fixing and not the jury. I have multiple objections because he did. I'm just trying to clarify. He should have made the decision, but also he excluded evidence that would have been relevant to that consideration because he considered it irrelevant because he considered the case was bid-rigging as a per se case. Such as? Evidence of absolutely no impact on competition or on price. Evidence of no impact on supply or demand. Was this through the expert – Partially through our two experts, partially through – we wanted to cross-examine the government witnesses as to each and every episode of Reuters trading to show that there was no impact on price. And the court said we can do that once because in this particular instance, the witness has said in this case we attempted to move the price, so you're permitted to show the price didn't move. And in that ruling, the court said, I mean, after all, that's got to be relevant because if the whole purpose is to move price and these sophisticated players don't do it, then you've got to really wonder whether this was price-fixing conspiracy. He allowed it once. He excluded it in every other instance where we tried to elicit that, and he prevented our expert from putting that testimony out. But I thought your argument about the inability to move price was that it went to intent. It went to your client's intent. We have a second argument that it goes to intent, even if it's not relevant to the per se – So you think it's relevant to both? You think it's relevant to both? Yes. How is it relevant to intent? Gibson says that intent is relevant in any criminal antitrust prosecution. The relevant intent, says Gibson, is not that the defendant has a subjective motive of trying to injure competition. The relevant intent is that the defendant understood that the anticompetitive effects would follow from his conduct. Gibson then goes on to say, now, if we find that there are anticompetitive effects in fact, that might support an inference that the defendant intended those effects, and that would be sufficient. In footnote 6, Coppers said that requiring the defendant to envision actual anticompetitive results would be inappropriate in a per se case because it would reopen the very questions of reasonableness which the per se rule was designed to avoid. And then it said nothing more is required than a showing that the defendant intentionally engaged in conduct that is a per se violation of the Sherman Act. So the judge didn't, there is some relevance on intent, but you can't backdoor everything about reasonableness under the intent requirement. I would submit, you can certainly, when the cooperators testify, the purpose of this conduct was to raise or lower prices. I thought he allowed some questioning of the cooperator regarding that. He allowed some questioning of the cooperator. So he was trying to balance this idea that it does have some relative intent, but not opening it up to a complete reasonableness. The argument I wanted to make to the jury was these witnesses have testified that the purpose of this agreement was to attack the prices, and we have shown that in every single instance it didn't. What kind of conspiracy is that? I couldn't make that argument because I've only been able to show that lack of effect in one or two instances. Do you dispute that in an actual price fixing case if every, if the parties colluded to fix prices, even if they didn't succeed in having a price effect, they would still be guilty of the per se violation? Yes. So then – But it would be highly relevant that they never succeeded. And in fact, that was the judge's rationale for allowing us to do the work. So you just agreed that it wouldn't make a difference, but then you also said it would be highly relevant. So if in a regular per se case you don't need to show an effect, you just need to show that you engaged in a conspiracy to do the conduct, why would it be highly relevant that it didn't have an effect? Because it would go to, was that really the object of the conspiracy? So you're trying to draw an inference that because it didn't have the effect, they must never have intended to. Not must. To fix prices. It raises a serious issue beyond a reasonable doubt case. It raises a serious issue about whether that was the actual intent. And that is exactly what Judge Vogel said in the one case where he allowed us to do it. He said if these sophisticated players were actually – claimed to be intending to affect prices, but they're unable to do it, that raises a question about whether that was really the intent. If they intended to move prices and they know what they're doing, they ought to be able to do it. That rationale should have applied to all of our other evidence that there was no impact on pricing. But Corpus was, as I recall, 1980. It has – I could have missed something, but I think that is our court's last word on this particular issue that we're wrestling. I think that's probably right. And doesn't Corpus just stand squarely in your way? I don't think it does. In Corpus, the defendant was making a, what I consider, hyper-technical argument. He wasn't saying there is a pro-competitive reason for what we did. He isn't saying there are no anti-competitive effects here. All he's saying in Corpus is I say you should have submitted this to the jury, and the jury should have decided the issue of reasonableness. Even in the per se case, I'm entitled to the jury to decide, and that, I think, is foreclosed by prior Supreme Court precedent. But I think that's all Corpus stands for, and I don't have any dispute with that. So now you're making an argument that because you didn't get to put on the evidence that they didn't have a price effect, you didn't get to show that they didn't have the intent to fix prices, and that is proceeding under a per se theory. Right? Because then you say even if it's a per se theory, they wouldn't have the intent. Right? So then you also seem to have another argument that the evidence also would show that the per se theory was inappropriate. Why is that? It's because if they don't have the intent to fix prices, they must have had an intent to do something else, and therefore it wasn't price fixing. So isn't the way we should think about this really as to whether you were entitled to defend the case, to defend against a charge of per se price fixing? And so you're saying that you weren't because you were prevented from excluding the evidence, and that's the way we should think about it. I mean it's a little weird to think, well, the judge should have ordered it to proceed under a rule of reason analysis. But if the district – if the government was trying to prove a per se case, you have an argument that you didn't get to put on a defense. That's the way we should think about it. I don't know why we should think about this rule of reason business. Yeah, that's one way to think about it. But I also – and as to the evidence of effects, I think it comes into play in two ways. Case after case after case, including legal and majorly graceful properties, say that the way you determine whether the per se rule applies in the first place is to look at the effects of the comment. And that's for the judge. And here the judge didn't even look at the effects evidence. He not only excluded it from the jury as irrelevant to their fact-finding. He didn't look at it himself because he said it's not appropriate in a per se case. You may have mentioned it, but I want to be sure I'm perfectly clear on this. What case are you relying on for the proposition that in a per se case you need – you're entitled to an opportunity to present evidence and to talk about the absence of competitive effects? If the case is genuinely a per se case, are we talking about? Or what case do I rely on for saying that evidence of effects – I think the government is just going to get up and I don't want to put words in their mouth and say, well, this is a per se case, so the evidence of anti-competitive effects is irrelevant once you have – all we have to prove off is the agreement. But that can't be determined by what the government says, though. If there are any numbers – You've said it like three times. And even in a per se case, you have to show demonstrable economic effect. What case says that? In a per se case, you have to show demonstrable economic effect. What case is that? The evidence of the case, Ligon and Major League Baseball Properties, say that in order to apply the per se rules and to find that it's a per se case, you can't – you have to show demonstrable anti-competitive effect. That's to determine that it is a per se case. But you also have the argument that even if it's a per se case, the effects – showing that there was no effect would lead to the inference that they must not have been intending to join a conspiracy to affect prices because if they really did have the intent, they would have succeeded. So you're saying that even within the context of a per se case, it would be relevant. And so that's the answer. But that's a pretty – I mean that's a series of inferences. So it's not – so then we would just see whether the judge was right that that evidence was more likely to confuse the jury than to be probative and so on. Right. I mean I guess you could say that that's a discretionary ruling on the court's part. But I think Gypsum – because I said Gypsum says if the effects are there, you can use that to support the inference that that was the intent. And I say it follows from that. If the effects are not there, you can use that to support the inference of a lack of intent. So I think it's – the question is that. I mean you don't dispute that people could have the intent to fix prices, but they are not the entirety of the market. And so maybe they only do it in a small way or maybe they don't even succeed, but they might still have the intent. So this would not be dispositive evidence. You're just saying that it would be relevant. You should have been able to talk about it. All right. Thank you, Mr. Kotz. Ms. Wimbley. Good morning, Your Honor. I'm Mary Helen Wimbley of the United States, and I approve the report. The United States has both factual and legal disagreements with the presentation of this judgment. So I think I'll begin with the differences on the record. First, Judge Malkin, you asked initially whether Mr. Iyer was challenging Judge Kogel's sufficiency of the evidence ruling. The answer is no. You stated he had not, and I agree. And Mr. Iyer conceded by not contesting that in his report, I agree. Judge Malkin, you asked about the jury instructions that were sent to which Mr. Iyer objected to those below. The entirety of Mr. Kotz's objections to the jury instructions appears on the transcript at page 1898, test A-1059 of the record, where he says the only things he has are the omissions of jury instructions. Then, during the 29th period, if you look at the transcripts— Wait, sorry. What did you say? The only thing he has is the—what does that mean? —omission of his objection—excuse me, of his instructions, which were that certain behaviors, the rule-breaking and the warning— All right. He wanted an additional instruction. Right. But he didn't say— Right. But, I mean, that is an objection, right? I mean, he thinks—I mean, he just said an argument that he thought the jury instructions were overly broad unless you have either excluded— you've made an ex ante determination that this does not fall into one of the exceptions or you instruct the jury on the exceptions, right? So that was an objection that he made. It was an objection, essentially, to the sufficiency of the evidence at that point, because he's saying you need to instruct the jury that it can't consider these things to be, per se, legal. Okay. Let me ask you this. If—just assume hypothetically the record showed zero evidence of anti-competitive effects. Are you still entitled to get a conviction under the rule of reason? I mean, excuse me, a conviction under your per se theory? Yes, Your Honor, because I believe proper sense of reasonableness, meaning factual unreasonableness of anti-competitive effects, is, quote, not part of the effects. Well, let's suppose—let me give you this hypothetical. There are four dealers in pickup trucks. They get together over dinner and say, let's not sell any of our pickup trucks for less than 20 grand. Okay. There are 20 other pickup truck dealers out there, and they all sell their trucks, $15,000, $16,000 a truck. Are these guys still guilty under per se? Yes, they are. As before me, that being said, even if it's shown that the conspirators lack the means to achieve their goal, it is still, per se, legal precedent, because of the risks to the economic value of information. And I think part of our dispute, again, on the record, is concerned, was it actually excluded in this case? Because Mr. Klotz indicates that the vast majority of the evidence that he offers was excluded, but in fact their goal was— So let's say these—in my hypothetical, the four co-conspirators had no pickup trucks to even sell. Criminal violation of the antitrust laws as a result of the agreement they struck at dinner? Yes, it still would be, though probably difficult to prove.  You flip one of the co-conspirators, and you've got testimony that we agreed we won't sell any pickup trucks for less than 20 grand. Right, but you remitted the crime. That's what Saccone Vacuum said. That seems to—well, I've read Saccone Vacuum and coppers, but the problem is you've got a crime with no corpus delecta. Here we don't. I mean, certainly—excuse me—here we do have that evidence. It was presented evidence that at times there was an antitrust effect, and when that door was open, Judge Koehler allowed Mr. Iyer to come forward with rebuttal evidence on that point. He minimizes that in just a few instances, but when Mr. Klotz identified to the court, hey, the government was able to come forward with evidence showing this conspiracy was effective, Judge Koehler allowed Mr. Klotz to come forward with rebuttal evidence. What about on the issue of intent, though? That seems to me to be their—in my view, at least, their biggest argument is that the effect should come in on intent and that the judge's opportunities to allow that evidence were too narrow. And you're asking me about the intent evidence? No, that they wanted to show the lack of impact, to show lack of intent, and that the judge, even though he may have allowed a little bit of that type of testimony or questioning, it wasn't enough, that they should have been allowed to do more than that. Well, that's—that was the argument they made to offer the evidence. He did not—well, actually, he allowed, for example, Professor Lyons to testify about market conditions generally, so the evidence was permitted. It went to whether this type of conspiracy could have potentially had some kind of effect. So Professor Lyons was allowed to testify about the small share that the conspirators had in the market and things of that nature. In fact, only four— But he couldn't—they couldn't introduce the evidence that there just wasn't an effect in each of these cases that the government was focusing on, right? Is that right? Not entirely, Your Honor. At least on two occasions, they were allowed— Except when it's rebuttal evidence. Sorry? Except when it's rebuttal evidence. For plaintiffs other than plaintiffs' rebuttal evidence? They were allowed to when plaintiffs' rebuttal evidence. Right, you said it was allowed when it was rebuttal evidence, but— It's my assumption that all of that evidence was irrelevant. Am I correct? Except where the government opened the door because— Well, I guess that's my question. So do you agree that it's relevant evidence because if there was not in fact an anti-competitive effect in any of these cases and these were sophisticated actors, if they really intended to have an anti-competitive effect, there would have at least been some effect, and therefore it's relevant to the question of intent. Do you agree that it's relevant in that way? It's relevant to the extent that they intend to have the object of conspiracy to veto back prices and that limited extent, or whether they have an agreement to begin with. But its appropriate value has to also be weighed in comparison to the potential prejudicial value that even if it had no effect at all, it's still a crime. Right, and so the prejudicial value is even if they didn't have an effect, if they still intended to do this, it still would be a crime, and it might confuse the jury if you're talking too much about effect, and that's what the district judge is balancing. He identified that as the balance he had to weigh, and he said – he told Mr. Fox below – where you were offering evidence of intent and not just as a ruse to show it wasn't effective, specifically didn't harm any consumers, then it will allow you to submit that evidence. It's only when it's a ruse to argue about whether there's actual harm, which is repeatedly been held not to be an issue in first-day cases that it's excluded. What does the government have to prove in a case like – in a first-day case other than an agreement? An agreement among competitors not to veto pricing or bids. Those are the three essential factual elements that were – or definitional elements of pricing or bid rating. So in my case where the three – the four car dealers really had no case – had no cars to sell, they're still guilty? Correct, because the agreement is a crime. What about Mr. Klax's argument that this was horizontal – I mean it was vertical and not horizontal? And he made that argument to the jury. That was an inherently factual question, and he was not recruited for presenting any of the evidence he wanted to about the vertical nature of the – but he partly was a vertical believer. Your theory is that none of this is relevant, that once you've proved up the agreement, the fact that the conduct had no impact whatsoever on the market is irrelevant. It can be relevant in the limited purpose reason we were talking about as to whether the agreement in fact existed, but mostly yes. I don't understand that. What do you – I don't understand that answer. In other words, it is logically one to say if you have – if your agreement never achieved the ends that it was intended to achieve, that is at least somewhat evidence that there was no – But that's what you barred them from introducing. We did not. In fact, repeatedly, when that evidence is offered for that purpose, the court allowed it. It was only when, for example, the evidence they wanted to provide none of the conspirators knew about at the time. They wanted to provide these excessive PhD economists' analyses after the fact of the effect on the market overall. So if they knew about the lack of an anti-competitive effect, that might be relevant. But some general knowledge about that that they didn't know would be – If they didn't know, that's – and that's the basis on which Judge Kodal excluded the opinions that Mr. Ayer never talked about. So you're saying that the evidence is really being introduced for two purposes, and one you say is legitimate and one is not. So if they want to introduce the evidence to show these people could not possibly have intended to have a market effect because they would have known – an anti-competitive effect because they would have known that they couldn't do that, that was admitted. But to the extent that they wanted to introduce expert evidence that says the nature of these transactions is that it couldn't have affected anything, but it's not connected to their state of mind or their knowledge, then you're saying that was excluded. Yes. Can I ask you about that second category of evidence? So doesn't the defendant have a point? So in a civil case, the way we proceed in antitrust cases is you would have sophisticated economic analyses that say, well, actually the way the market works in the exchange for foreign currency is there are these certain features and they provide – the bigger providers provide liquidity to the smaller sellers and so on. And we really shouldn't understand that as an antitrust violation. At least it shouldn't be a per se violation because of the way the market works. And there was no mechanism here for that to be introduced, right? So if this was a civil case, you would have a judge considering that economic evidence and analysis and deciding whether this is appropriately per se or appropriately a rule of reason, wouldn't you? No, you would not. And we know this from the United States v. Apple case, which we will add extensively afterwards, but Mr. Hyatt did not mention a single time in his briefs. In that case, the court said the defendant is only allowed to offer certain kinds of evidence when it's defending against a per se rule. So to be clear, yes, in the whole scheme of restraints, the per se rule is the exception. But where? You're talking about core elite per se rule traits, price fixing, leverage, and market allocation. And the government has put forward sufficient evidence of conduct that falls within those categories. The per se rule is the rule, and the defense then can come forward with select defenses. But that was a caveat you just added, that if the government has put forward sufficient evidence that the conduct fell within that category, right? So that is a determination that has to be made at some point. At the Rule 29 stage. That's the equivalent. I see. Okay. Of summary judgment at the criminal context. And that is what – But if it waits until the Rule 29 stage, I'm not sure how the defense has any real opportunity to defend against these charges. He had the opportunity, for example, in the motion eliminating stage, after Judge Kogel denied our motion to exclude evidence of these types of what we generally call the joint-venture offenses. Those are what were recognized in Apple. Judge Kogel denied our motion. Mr. Iyer was free to defend against the per se charges on his grounds at trial. He declined to do so. He did not offer any evidence during trial saying this is for the joint-venture defense. This is for the ancillary restraints doctrine. He never did. He never offered jury instructions on either of those. It was only after the fact. In his post-trial Rule 29 motion, he said, oh, the court should have decided these as a matter of law, which is not how it works. When you fall, again, within those four per se legal defenses, and we don't have any argument here that there was any sufficient evidence to fall within those per se legal defenses, then the case proceeds under the per se rule. Unless the defense takes one of those avenues out, and because Mr. Iyer failed to do so here, the court was correct in its definition. When you say one of those avenues out, what are you referring to? I'm referring to the avenues referred to by this court in Apple, the joint-venture. Oh, I see. Right. Which is to reconsider per se rules as it did in Wheaton or to identify new per se rules. And much of the cases that Mr. Iyer relies on fall into those circumstances, which Merrick-Clifford County distinguished. Now, Merrick-Clifford County says it will not consider their terms of justification, but even if they did, here they are invalid. But that does not mean that the former, from the latter proceeding to the former, the initial holding was that they are not relevant, and only the later holding was that even if you were to consider them, they did not change the outcome in that case. So when stacked up against Apple, Coffers, Catalana, Merrick-Clifford County— So you're saying that there's something about the market dynamics that should take it out of the per se analysis. The proper way to do that is a motion to dismiss or a motion in limine or a Rule 29 motion. Is that how you would make that argument? I don't believe a motion to dismiss because then there would be limited to the foreclosures or indictments, unless the felon had had a life sentence. I understand. The standard would be different. It would be that it couldn't even plausibly be a per se violation, but it would be a different standard. But that would be one mechanism. But then if the motion is on a stage that the defense would come forward without evidence to introduce a trial— I mean, you know, in neither is it a normal criminal case to the judge to resolve disputed issues of material facts. So I think it has to be a specific proffer in order to analyze how it's likely to turn out. Here, of course, for example, Mr. Ira claims to Professor Carlton's testimony about the continuous option that that may be excluded, that he ignores that it was excluded because it was untimely. It wasn't disclosed before trial. It was offered in the form of a legal opinion. So here you don't have—and in the— Just abstracting from this individual case, if it were true that a defendant just had an argument that we generally think in per se categories about price fixing and bid rigging, but there's something about the features of this market or this particular conduct that show that it really shouldn't be considered per se because it has a pro-competitive justification, how would a defendant make that argument in a criminal case? The defendant would have to come forward with some kind of evidence to put it in issue legitimately. What do you mean come forward with some kind of evidence? In a criminal case, doesn't a defendant have a right to put that evidence before a jury? Because the way you are proceeding, the weight and the relevance of the evidence is weighed not by the jury but by the judge. He's a jury trial. He has a right to have a jury assess his guilt, not a judge. That's correct. And he would first—it would have to be a visible evidence. It would have to be articulated for the proper purpose. But the proper purpose—let me make sure I understand what the government's position is. In a per se case where you've indicted as a per se case price fixing and bid rigging, they can defend the case either that it's a joint venture, somebody answering restraints doctrine, or that the lack of an economic effect, anti-competitive effect, showed no intent. Is there any other proper purpose the government believes in a per se case that they could offer evidence to the jury? And then just the last one, I would qualify happily. I don't think there's some kind of unfettered right to show anti-competitive effect. No, only in the context of intent. We already went through that, right? Right, but it has to be weighted. I understand that. Okay. But is there any other proper purpose in the government's view of bringing in this economic effect evidence? No, I don't believe so. I'm trying to think the only possibility is if it somehow shows they were not competitors, which would be part of the definitional elements of price fixing. But, again, that would have to be offered specifically for that purpose within this law. And you could also argue it's vertical and not horizontal. Which he did. Right. That was properly before the jury. So the evidence he sought to proffer when offered with argument, not just dumped in the record like 100 pages without any argument, there were only three, I believe, exhibits that ended up being at issue. Two of which were allowed, one of which was excluded, and then Judge Kodal reversed himself and admitted that. So I'm not sure there are any exhibits offered for anti-competitive effects that were actually excluded in this case, but they were specifically offered. So the idea that he was precluded from offering what he says is valid is not true under the record. All right. Can I ask about the juror misconduct question? So we have this letter from one of the jurors who writes to the judge and says, my decision was based solely on the intimidation of five other members of the jury, and I regret my decision, suggesting he would have voted a different way. And then the district judge doesn't even talk to that juror. Isn't that troubling? No, Your Honor, because, first of all, the notion that a juror was intimidated by other jurors is not one of the grounds on which under Federal Rule 11606 juror testimony is allowed. So that could have been required to that ending. The only question Judge Kudl found to be warranting additional investigation was whether juror 3 had been exposed to extra record information. Judge Kudl reasonably called juror 3 in and asked juror 3 whether he'd been exposed to extra record information. At the conclusion of that inquiry, he asked counsels on both sides, were there any further questions, and he said no. And so Judge Kudl considered juror 3's testimony. He's found credible. I'm familiar with it. I just wanted to ask about the other juror, but I think I have your answer. Before you sit down, though, I want to be sure I'm clear on this. So in the ordinary realm of these cases, what – it's your position that the juncture of the trial at which a defendant has a opportunity to argue that the case should not be – is not an appropriate per se case is at the Rule 29 stage? Yes, Your Honor. That would be the equivalent of the civil – How can you do that if during the course of a trial, evidence supporting a defendant's position on that issue was excluded? Because at the Rule 29 stage, a government gets powerful inferences in its favor. How can you square that with a right to have a jury determine if this man is guilty or not? Because the defense is allowed to present evidence under the Apple defense. That's what I call the Apple defense. It's a joint venture type defense. Here, Mr. Heyer did not present those defenses. So it's not a matter of excluding – So it's only the joint – it's – the opportunity, in your view, is limited to joint – Apple-type defenses? What else? The offer, the argument that we can meet the elements that I discussed with you earlier, that there's no agreement, no agreement among competitors, and no agreement among competitors. But those are established defenses. So you are basically saying that if you wanted to make an argument that the regular per se rule with respect to bid rigging and price fixing shouldn't apply to this particular context because of the features of this marketplace, there wouldn't really be an opportunity to raise that argument except at the Rule 29 stage. That's correct, Your Honor, because you're talking about when evidence would come into the record. There's no kind of detailed process where, at least in the criminal context, those sides come forward with evidence, and then the district court evaluates and wishes that evidence. But that's not the district court's job. The district court's job at the end of this – this man is entitled to have his guilt assessed by a jury, and the extensive – I mean, of course, we all know that trial judges exercise gatekeeping functions in terms of evidence. But the – it seems to me that the argument that you're basing on us basically gives this man no opportunity to present his evidence to a jury. It's at a high level of generality because you just told us that the only juncture that this man has to make this argument is at the Rule 29 stage. And that's at the end of the trial, and as I said, the government has all kinds of inferences in its favor then. Maybe I misunderstood the question. In terms of judicial review of that question, that would be at the Rule 29 stage. Throughout trial and at the motion in one case. At the Rule 29 stage, the judge is asking whether there was sufficient evidence to support the jury's verdict. If you're asking whether the defense can move forward evidence, it certainly can offer that evidence throughout trial and at the motion in one case stage. Yeah, but here what he's saying or the defense counsel is saying, if I understand him correctly, is that the – the opportunities were so narrowly constricted that by Rule 29 he didn't have an opportunity to make the arguments that he would have made if his evidence had come in. You know, the judge could have denied the motion, but it's hard to – it seems to me hard to say it's fair that this defendant stands or falls on Rule 29 when the opportunity during the course of the trial to present evidence was tightly constricted. Well, two responses to that. First, the evidence that was restricted was this general productivity effect, which never is an effect to first-beg offenses in civil or criminal cases. But secondly, it wasn't tightly restricted. So he – your defense counsel is going to say if I had an opportunity to put in the rest, my man would have walked. Might have walked. Well, if you look at, I believe, transcript at 1735… So your position is that some of that was okay, but we don't want all of his evidence. My position is that the evidence that was specifically offered was excluded for a variety of reasons, including those that Mr. Iyer did not contest, and that's nothing to do with the substance of the antitrust claim. If you look at what I was just saying, A1048, Mr. Flott says there are only three exhibits remaining in dispute between the parties on this issue. 168-4, 185-1, and 171-3. 168-4 was allowed on the background, 171-3 was allowed, and 185-1 was excluded and then allowed again. So when it comes to what was actually excluded, it was very little. And it was often excluded for indignantly adequate reasons that were not impressed by Mr. Iyer at all. So it sounded like you were saying that he did actually get an opportunity to introduce evidence that the features of this marketplace were such that this really wasn't price-fixing and being rig-rigging and shouldn't be treated as per se, and what was excluded was excluded because it could have been confusing to the jury or this partitional effect outweighed its probative value. Is that right? He didn't offer it for the basis that this isn't really an agreement not to fix pricing. He would often argue it to say, oh, it's a no-harm, no-foul situation because the end consumer didn't actually get hurt. The process kind of all worked out in the end. Right, and you're saying to the extent that he's introducing evidence to say it's no-harm, no-foul, that's properly excluded because that's just not – or at least even if there's some probative value, it's prejudicial effectively. So the danger here, I think, is seeking a too high level of generality and not looking at what was offered or what purpose and why it was denied, which Mr. Klotz's briefing did not go into detail at all on. Right. Thank you. Thank you, Your Honor. Mr. Klotz, I think you reserved two minutes for a vote. Thank you. Let me start with the last point about evidence being excluded because I supposedly offered it for a no-harm, no-foul defense. I stated any number of times before the court that is not defense, that would not be a proper defense, Judge. I have no intention of arguing it. You should instruct the jury that that's not a proper defense. That was not why the evidence was offered. To the issues that you, Judge Barker, and you, Judge Menache, raised about when is the appropriate time to raise these issues of effects evidence, I agree with you, Judge Barker, that it's time to make a motion and limit mistakes. That is the stage of proceedings that courts in both civil and criminal cases do all the time. They evaluate whether the parties have made a sufficient showing that certain evidence should be admissible or should be excluded, and that should have happened here. We made a standing motion to eliminate the evidence of rufle in Reuters trading. It was similar to what was done in Cayman American Moving Services where this issue was addressed on a motion and limit, and I think that is the natural way to do it. So let's say you got in all of that evidence. How would that have supplied you a defense in a per se criminal case? I think the evidence that got excluded – and let me just say, the government is sort of being fast and loose with the record here by coming to the end of the trail where there were only three out-of-the-dickens of a scissor skew, and a couple of them got in. That came after the judge had ruled. Most of this doesn't come into evidence. I'm not going to allow Professor Blank to specify about this. And we came back a second time to see if we couldn't at least get some of it in, but we were precluded from doing a case-by-case analysis of most of the trades. How would that have supplied a defense? How does that supply a defense? It goes to intent, and it goes to the issue of did these people really intend to – I mean was the object of the conspiracy fixing prices or really did? As to which there was a tenuous case here to begin with. Your example, Judge, what about if there are 20 other competitors and only four are getting together to agree to fix prices? Numerous authorities, and some of the case law too, point out that a price-fixing conspiracy and a bid-rigging conspiracy makes absolutely no sense and is suspect on its face if you don't have most of the players or all the players in the market in on the conspiracy. And there was not even remotely that here. But you don't deny that even if a small number of players get together and actually do fix prices, it is still a violation even if they don't have them affixed. Correct. The absence – the economic irrationality of that makes it really suspect as a conspiracy. I don't want to leave without briefly addressing the juror misconduct issue, which I didn't get to at first, because the key issue here – and we say it in our brief – is if juror six was being accurate in his letter, then juror number three in his interview was lying. And that raises all kinds of issues, alarm bells, about possible prejudicial misconduct. Courts are allowed wide latitude in making credibility determinations. But when you have a stark conflict of testimony, absolutely irreconcilable, and one or the other of the persons is not telling the truth, our submission is you can't make a credibility determination test of one of the people but not the other. But the things that he potentially – there was the conflict on – you can correct me if I'm wrong. One was whether or not he looked up the lawyer. Yes. Right? And there was one other – I think it was relatively minor – whether or not the boss looked up – Whether the boss looked up the case. Right. But there was no allegation that anything had been communicated to juror number three, I think it was. There was no evidence that we had of prejudicial misconduct that he could prove. But if juror number three was lying – and he said, I had a talk with my boss during the divorce contract. Right. Juror number six said, well, he helped juror number one whose boss looked up the case. The problem is if that turns out to be true, anybody who looked up this case would immediately stumble on a whole bunch of prejudicial and misleading press. But if the letter – my point is this. If the letter had said, and he told me his boss told him X, Y, and Z, then I might agree with you. Okay. He has credibility assessments that he can make, but maybe he should find out what the basis of those particular details were from the juror who wrote the letter. But the letter, which was two pages, didn't have any allegations like that, that he said X, Y, and Z. No, no, no. I agree with you completely. So be it. But if he had called in juror number six, that would have been the first thing to ask juror number six. Is that all he said, that my boss looked up the case? Did he say anything about the boss? Well, it's not obvious that juror number six even knows. Juror number six is not even claiming that juror number three said it to him. He says he overheard that juror number three said it to juror number one. And all he said was the rule is we can't look up information about the case, but my – he never said my girlfriend can't and my boss looked it up. And the judge, after interviewing juror number three, says, well, he says his boss or his girlfriend might have seen from his juror summons that he was in a case. And so they might have looked it up, but he says he didn't have any conversations with them about it, and I find him credible. If he made the statement my boss looked up the case, that was a statement he made during the trial, and he could only have made that statement if he talked to his boss during the trial and the boss said I looked up the case. But the judge found him credible in denying that, and the only thing that juror six could have added is if he had told him more to reject that. If he had told him and my boss told me X or I learned X, Y and Z, that would have been in the letter. I mean, obviously he was putting in every detail he could possibly find. Every juror was mentioned in some way except one. Every other juror number was mentioned in that letter, so he wasn't holding back any detail that he had. I don't agree that that's a fair inference. No? That was a relatively short letter by a relatively unsophisticated juror, and I think if there had been an interview with him, maybe the interview would have shown that there was absolutely nothing going on here. It was all innocuous, and that would have been the end of it. But from what we knew from juror number six and from what juror number three testified, there was a stark contradiction. And we submit that the judge, under those circumstances, should have taken additional steps to attempt to resolve that contradiction because on its face the contradiction raised the serious prospect of external evidence. Well, the district judge does say that to the extent that there's conflict, he finds juror number three more credible. Why can't he make a determination about the credibility of juror number six based on the letter? I don't think that's a proper basis for a credibility determination. Okay. I think it was just speculation. Maybe he's exaggerating. Maybe he misheard. I mean, he should ask him about that. I'll not run an argument. This is what was said. And it would have been the easiest thing in the world to bring in juror number six. There's no issue of – The law is that, especially in the post-trial realm, you're not supposed to just, oh, let's just bring everybody in and have questions. You're supposed to respect – Because there's a harassment issue and because you don't want to encourage lawyers going out and interviewing jurors trying to find trouble. That was not an issue here. And harassment was not an issue here because juror number six was a volunteer. He put his hand up and virtually invited to be called in. Before you sit down, I want to be – I don't want to belabor this, but I want to be absolutely sure I get your response on this point. It's your position that the excluded evidence would have gone to intent. Yes. What else? It's also our position that the excluded evidence should have been considered by the judge in ruling on the motions in limine and in ruling on the Rule 29 motion. And he didn't himself look at the excluded evidence. So it goes to the determination of what the proper rule to apply is. So from that it follows, and correct me if I'm not fully understanding, that the judge made improper rulings on the in limine motion. Yes. But we review that for abuse of discretion, don't we? For? Abuse of discretion. I think that's right. But if the judge – if the judge excluded evidence that would tend to show that the ruble trading and lawyers trading was not governed by the first say rule, that's a – and that was 90% of the government's case. I want to see how that could be a reasonable abuse of discretion. All right. Thank you, Mr. Goss. Thank you to both of you for a reserved decision. Have a good day.